IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 1:00cr15-SPM

LINDA WILSON,

    Defendant.

_____/

## ORDER DENYING MOTION FOR REHEARING

After the Court issued the Order Granting Motion to Compel on July 3, 2012 (doc. 1376), the Court received from Linda Wilson a second response (doc. 1377) to the motion to compel. The second response will be treated as a motion for rehearing. For the following reasons, the motion for rehearing will be denied.

1.    The Court has again reviewed the motion to compel (doc. 1373), Linda Wilson's first response (doc. 1374),and the record in this case, in addition to Linda Wilson's second response (doc. 1377). here is no basis to change the prior ruling (doc. 1376) granting the motion to compel.

2.    In her second response, Linda Wilson relies on United States v. Bongiorno, 106 F.3d 1027 (1st Cir. 1997) to argue that criminal restitution owing to a private party is not a debt owing to the United States. The Borgiorno case was statutorily overruled by the Mandatory Victim Restitution Act, as recognized in

<u>United States v. Witham</u>, 648 F.3d 40 (1st Cir. 2011). The Mandatory Victim Restitution Act applies to Linda Wilson's restitution. The authority and the power of the United States to collect the restitution owed by Linda Wilson was correctly stated in the Order Granting Motion to Compel (doc. 1376).

Based on the foregoing, it is

ORDERED AND ADJUDGED: Linda Wilson's second response (doc. 1377), treated as a motion for rehearing, is denied.

DONE AND ORDERED this 13th day of July, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge